**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4773**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICHARD ALLEN WAGER,

Defendant - Appellant.

**No. 11-4775**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICHARD ALLEN WAGER,

Defendant - Appellant.

Appeals from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:10-cr-00258-MOC-1; 3:96-cr-00030-MOC-1)

Submitted: January 17, 2012      Decided: January 24, 2012

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

———————————

Henderson Hill, Executive Director, Elizabeth A. Blackwood, Research and Writing Attorney, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Allen Wager was sentenced to ten months' imprisonment and thirty-nine months' supervised release following the revocation of his supervised release. Wager's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court imposed a substantively unreasonable sentence when it imposed an additional thirty-nine months of supervision. Although informed of his right to file a pro se supplemental brief, Wager has not done so. We affirm.

In reviewing a sentence imposed upon revocation of supervised release, this court "takes a more 'deferential appellate posture concerning issues of fact and the exercise of discretion' than reasonableness review for [G]uidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (quoting United States v. Crudup, 461 F.3d 433, 439 (4th Cir. 2006)). We will affirm a sentence imposed after revocation of supervised release if it is not plainly unreasonable. United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010). The first step in this review requires a determination of whether the sentence is unreasonable. Crudup, 461 F.3d at 438. Only if the sentence is procedurally or substantively unreasonable does the inquiry proceed to the

3

second step of the analysis to determine whether the sentence is plainly unreasonable.  Id. at 438-39.

A supervised release revocation sentence is procedurally reasonable if the district court considered Chapter Seven's advisory policy statement range and the 18 U.S.C. § 3553(a) (2006) factors applicable to supervised release revocation.  See 18 U.S.C. § 3583(e) (2006); Crudup, 461 F.3d at 438-40.  "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed."  Thompson, 595 F.3d at 547 (internal quotation marks omitted).  A sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum.  Crudup, 461 F.3d at 440.

Upon review of the record, we agree with counsel's assessment that Wager's sentence is procedurally reasonable. Although counsel suggests the sentence is substantively unreasonable because Wager had been gainfully employed, enrolled in substance abuse treatment, and had no contact with law enforcement while on supervised release, we conclude otherwise. The district court reasonably found that the sentence was necessary in light of Wager's continued use of illegal substances, and the court acted well within its discretion in

4

declining to reward Wager for his unabated drug use by ending supervision. Because the district court articulated a proper basis for imposing a sentence below the statutory maximum, there is no substantive error. Because Wager's sentence is procedurally and substantively reasonable, it is not plainly unreasonable.

In accordance with <u>Anders</u>, we have reviewed the records in these cases and have found no meritorious issues for appeal. Accordingly, we affirm the judgments of the district court. This court requires that counsel inform Wager, in writing, of the right to petition the Supreme Court of the United States for further review. If Wager requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wager. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>